IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Chester Lee Barnes, Jr., )
                                         )      C.A. No. 8:18-1414-HMH-JDA
                  Petitioner, )
                                         )      **OPINION & ORDER**
             vs. )
                                         )
M. Travis Bragg, Warden, )
                                         )
                  Respondent. )

       This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Chester Lee Barnes, Jr. ("Barnes"), a pro se federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), one of his prior convictions no longer qualifies as a predicate offense under the career offender sentencing enhancement in United States Sentencing Guideline ("USSG" or "Guidelines") § 4B1.1. Respondent filed a motion to dismiss. Magistrate Judge Austin recommends granting Respondent's motion and dismissing Barnes' petition because he cannot satisfy the savings clause test under 28 U.S.C. § 2255(e) pursuant to United States v. Wheeler, 886 F.3d 415 (4th

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Cir. 2018), in order to proceed under § 2241. Barnes filed objections to the Report and Recommendation.

After a thorough review of the record and the applicable law, the court is unable to determine whether the jurisdictional savings clause requirements of 28 U.S.C. § 2255(e) have been satisfied without additional information. The court cannot determine the applicability of Simmons on the current record before the court. Specifically, Barnes' Presentence Investigation Report and the guilty plea and sentencing hearings transcripts are currently unavailable to conduct an analysis of whether the issues raised by Barnes present an error "sufficiently grave to constitute a fundamental defect." See Wheeler, 886 F.3d at 429.

Accordingly, the court requires further briefing by the parties addressing (1) the application of Wheeler's fundamental defect standard to sentences imposed under advisory guidelines, (2) the distinction, if any, between a "fundamental defect" in the context of a § 2255(a) motion and a § 2241 petition, (3) the application of United States v. Foote, 784 F.3d 931 (4th Cir. 2015), to a § 2241 petition, (4) development of the record, including the Presentence Investigation Report and hearing transcripts, and (5) any other issues the parties believe will aid the court. The parties are instructed to file the Presentence Investigation Report under seal and hearing transcripts as attachments to any supplemental briefs. Based on the foregoing, the court declines to adopt the Report and Recommendation. Further, Respondent's motion to dismiss is denied without prejudice. Any appropriate motions may be filed with the supplemental briefs.

It is therefore

**ORDERED** that Respondent's motion to dismiss, docket number 9, is dismissed without prejudice. It is further

**ORDERED** that a federal public defender is appointed to represent Barnes for the remainder of this case or until further order of the court. It is further

**ORDERED** that a supplemental brief from Barnes addressing the issues identified herein is due December 20, 2018. Respondent shall file a response by January 3, 2019, and Barnes may file a reply by January 10, 2019. It is further

**ORDERED** that this matter is remanded for further consideration in accordance with this order to the magistrate judge.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
November 20, 2018