IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Chester Lee Barnes, Jr.,           )
                                   )   C.A. No. 8:18-1414-HMH-JDA
                  Petitioner,      )
                                   )   **OPINION & ORDER**
        vs.                        )
                                   )
M. Travis Bragg, Warden,           )
                                   )
                  Respondent.      )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Chester Lee Barnes, Jr. ("Barnes"), a federal prisoner proceeding with counsel, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Austin recommends granting Respondent's motion to dismiss and dismissing Barnes' petition. After review and for the reasons below, the court adopts the Report and Recommendation, grants Respondent's motion to dismiss, and dismisses Barnes' petition.

**I. FACTUAL AND PROCEDURAL HISTORY**

Barnes is a federal prisoner incarcerated at FCI–Bennettsville. In 2008, Barnes pled guilty to possession with intent to distribute more than five grams of cocaine base in violation of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). United States v. Barnes, Cr. No. 5:07-351-BO-1 (E.D.N.C. 2008).[2] Barnes was sentenced to consecutive terms of 260 months' imprisonment for the drug trafficking offense and 60 months' imprisonment for the firearm offense. Id. Barnes received a career offender sentencing enhancement under United States Sentencing Guideline ("Guidelines") § 4B1.1 based on a 2002 North Carolina conviction for possession with intent to sell or deliver marijuana and a 2003 North Carolina conviction for attempted assault. (§ 2241 Pet. 8, ECF No. 1.)

Barnes did not appeal his conviction and sentence. On February 9, 2012, Barnes filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied as untimely. (Mot. Dismiss Attach. 1 (Mem. Supp. Mot. Dismiss 3-4), ECF No. 44-1.) The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Barnes, No. 12-7853, 2013 WL 518643 (4th Cir. 2013) (per curiam) (unpublished). Barnes filed his first § 2241 petition on July 16, 2015, which was denied on July 28, 2016. Barnes v. Bragg, C.A. No. 8:15-2842-HMH-JDA, 2016 WL 4040295 (D.S.C. July 28, 2016), aff'd 696 Fed. App'x 629 (4th Cir. 2017) (per curiam) (unpublished).

Barnes filed the instant § 2241 petition on May 24, 2018.[3] (§ 2241 Pet., generally, ECF No. 1.) Barnes argues that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] Houston v. Lack, 487 U.S. 266 (1988).

2

(en banc), he should be resentenced without the career offender enhancement because his prior 2002 North Carolina drug conviction no longer qualifies as a predicate offense for the career offender enhancement in § 4B1.1. (Id., ECF No. 1.) Respondent filed his first motion to dismiss on July 19, 2018. (Mot. Dismiss, ECF No. 9.) The magistrate judge issued a Report and Recommendation on October 3, 2018. (R&R, ECF No. 14.) The court determined that more information was needed. Therefore, the court declined to adopt the Report and Recommendation, remanded the action to the magistrate judge for supplemental briefing, and appointed a federal public defender to represent Barnes. (Nov. 20, 2019 Order, ECF No. 21.) The parties have now filed supplemental briefs and provided the court with the requested documents.

On May 6, 2019, the Respondent filed the second motion to dismiss. (Second Mot. Dismiss, ECF No. 44.) On May 20, 2019, Barnes filed his response in opposition. (Resp. Opp'n Second Mot. Dismiss, ECF No. 46.) On July 16, 2019, Magistrate Judge Austin issued the Report and Recommendation. (R&R, generally, ECF No. 49.) Magistrate Judge Austin recommends granting the Respondent's motion to dismiss and dismissing Barnes' petition because Barnes cannot satisfy the § 2255(e) savings clause test set forth in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), in order to proceed under § 2241. (Id., ECF No. 49.) Barnes filed objections to the Report and Recommendation on July 25, 2019. (Objs., ECF No. 50.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, some of Barnes objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Barnes presents two specific objections. First, Barnes argues that United States v. Foote, 784 F.3d 931 (4th Cir. 2015), was wrongly decided and should not affect the court's analysis. (Objs. 1, ECF No. 50.) Second, Barnes objects to the magistrate judge's conclusion that he is not entitled to a writ of audita querela. (Id. 7, ECF No. 50.)

Barnes first argues that Foote was wrongly decided and that the magistrate judge failed to address this argument in the Report and Recommendation.[4] The Fourth Circuit has held that Foote applies to § 2241 petitions that seek to satisfy the savings clause test set forth in Wheeler. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (noting that "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines"); Kornegay v. Warden, FCI Butner, No. 13-7565, 2019 WL 258720, at *1 (4th Cir. Jan. 17, 2019)

---

[4] In Foote, the Fourth Circuit held that a valid career offender enhancement imposed after United States v. Booker, 543 U.S. 220 (2005), which is later undermined by Simmons, does not present a fundamental defect resulting in a complete miscarriage of justice under § 2255. 784 F.3d at 940-44. In Simmons, the Fourth Circuit modified the method by which a North Carolina conviction is classified as a felony offense for purposes of federal sentencing enhancements, and requires sentencing courts to examine whether the particular defendant's maximum possible sentence for the predicate conviction exceeded one year. Simmons, 649 F.3d at 248.

4

(per curiam) (unpublished) (affirming district court's order denying § 2241 relief because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition").

Moreover, district courts in the Fourth Circuit have applied Foote's holding in the "fundamental defect" analysis under Wheeler in cases involving career offender enhancements imposed under the advisory Guidelines. See e.g., Ward v. Joyner, C.A. No. 2:19-cv-244-RBH-MGB, 2019 WL 2552606, at *2-3 (D.S.C. Feb. 26, 2019), adopted by C.A. No. 2:19-244-MGL, 2019 WL 2551944 (D.S.C. June 19, 2019) (unpublished) (holding that misapplication of career offender enhancement to advisory Guidelines range is not a fundamental defect under Wheeler based on Lester and Foote); Lee v. Andrews, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) (holding that a career offender enhancement imposed under advisory Guidelines that is later invalidated by a subsequent change in law did not amount to a fundamental defect under Wheeler and Foote); Mangum v. Hollembaek, No. 5:16-HC-2293-FL, 2018 WL 4113346, at *2 (E.D.N.C. Aug. 28, 2018) (examining a § 2241 petition alleging an erroneous sentence enhancement under Simmons and holding that Foote prevented the court from finding a fundamental defect in sentencing under Wheeler's savings clause test). The Fourth Circuit has consistently applied Foote to § 2241 petitions, and Foote remains the controlling precedent on this issue. Condon v. Haley, 21 F. Supp. 3d 572, 583 (D.S.C. 2014) ("[A] decision of a circuit court, not overruled by the United States Supreme Court, is controlling precedent for the district courts within the circuit."). Thus, Barnes' first objection is without merit.

Second, Barnes' objects to the magistrate judge's conclusion that he is not entitled to a writ of audita querela. (Objs. 7, ECF No. 50.) "A writ of *audita querela* 'is used to challenge a

5

judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" McCray v. United States, Cr. No. 4:09-cr-00519-RBH, 2013 WL 1635572, at *1 (D.S.C. Apr. 16, 2013) (unpublished) (quoting United States v. Sessoms, No. 12-7316, 2012 WL 5520311, at *1 (4th Cir. Nov. 15, 2012) (unpublished)). However, "a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255." Sessoms, 2012 WL 5520311, at *1. Further, a petitioner cannot proceed through a common law writ "simply because his claim is procedurally barred by restrictions on successive collateral attacks." United States v. Wilson, 753 Fed. App'x 173, 173-74 (4th Cir. Feb. 19, 2019) (unpublished).

In this action, Barnes is challenging the legality of his sentence. Barnes previously challenged his sentence in a § 2255 motion and a § 2241 petition. Thus, even if Barnes is procedurally barred from filing a second or successive § 2255 motion, there is no gap in postconviction remedies that would render a writ of audita querela appropriate. See United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010) ("[T]he statutory limits on . . . successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."). Accordingly, Barnes' second objection is without merit.

Based on the foregoing, the court finds that Barnes cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his detention, and this court lacks subject matter jurisdiction over this petition. See Wheeler, 886 F.3d at 423. Therefore, after a thorough review of the magistrate judge's Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Barnes' petition, docket number 1, is dismissed. It is further

**ORDERED** that Respondent's second motion to dismiss, docket number 44, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 6, 2019